UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sherie Shawntel Black,<br><br>          Plaintiff(s),<br><br>vs.<br><br>Kilolo Kijakazi,<br><br>          Defendant(s). | 2:23-cv-01439-MDC<br><br>**Order** |

This matter involves plaintiff Sherie Shawntel Black's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Ms. Black filed her brief, requesting a remand (ECF No. 15) and the Commissioner filed their brief, opposing the request (ECF No. 16). The Court denies Ms. Black's request for remand.

I.     BACKGROUND

On September 8, 2022, Ms. Black filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income. AR[1] 35. Ms. Black initially alleged an onset date of January 20, 2019, but later amended her alleged onset date to January 1, 2021, at the hearing. *Id.*; See also ECF No. 15-1 at 3:26. The claims were initially denied on January 26, 2022. *Id.* The claims were denied again on reconsideration May 10, 2022. *Id.* Ms. Black then requested a hearing before the ALJ on July 5, 2022. *Id.* A telephone hearing was held on December 21, 2022. *Id.*; see also AR 150-189. The ALJ found that Ms. Black was not disabled between January 1, 2022, and March 20, 2023. AR 51.

The ALJ used the five-step sequential evaluation process (20 CFR 404.1520(a) and 416.920(a)) to determine whether Ms. Black was disabled. AR 36. The ALJ made the following findings:

    1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

---

[1] The Certified Administrative Record ("AR") is ECF No. 9-1. All pages referencing the AR will reflect the AR page numbers, i.e., AR 35 is ECF No. 9-1 at 41.

2. The claimant has not engaged in substantial gainful activity since January 1, 2021, the alleged onset date (20 CFR 404.157 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: non-epileptic seizure disorder (including headaches), degenerative disc disease of the lumbar spine, scoliosis, aphasia, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, or crawl. The clamant can never work at unprotected heights and occasionally work with moving mechanical parts, operation of a motor vehicle, extreme cold, extreme hear, and vibrations. She can understand, remember, and carry out detailed, but not complex tasks. She can frequently interact with supervisors and occasionally interact with co-workers and the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant is a younger individual, between the ages of 18-49 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of jobs is not material to the determination of disability (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. There are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. Claimant has not been under a disability, as defined in the Social Security Act form January 1, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*See* AR 37-51.

Ms. Black appealed the December March 2023 decision; however, the Appeals Council declined to disturb the decision of the ALJ. AR 364-65; AR 1-6. Pending before this Court is the *Plaintiff's Brief* (ECF No. 15) and the *Commissioner's Brief* (ECF No. 16).

//

II.     DISCUSSION

a. **Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

b. **Analysis: Whether the ALJ Failed to Properly Analyze the Pseudo-Seizures**

Ms. Black argues that the ALJ failed to properly analyze her pseudo-seizures. ECF No. 15. Ms. Black argues that: (1) the ALJ erred in evaluating the pseudo-seizures as a physical impairment when it is a mental impairment; (2) the ALJ erred in finding that she has a mild impairment in adaption; (3) the ALJ

improperly discounted her subjective statements; and (4) the ALJ's decision is not supported by substantial evidence because new and material evidence was submitted to the Appeals Council. *Id.* The Court finds that remand is not warranted and discusses its findings below.

### i. Whether the ALJ Erred in Evaluating the Pseudo-Seizures as a Physical Impairment

Ms. Black argues that the ALJ erred in evaluating her pseudo-seizures as a physical impairment instead of a mental impairment. ECF No. 15 at 5. Ms. Black argues that the physical manifestations of her pseudo-seizures are a "reaction to stress and are the result of a mental impairment." *Id.* The Commissioner argues that "the ALJ evaluated the severity of the disorder under both a physical listing (Listing 11.02) and under a mental listing (Listing 12.07)." ECF No. 16 at 3:6-7. The Court notes that the ALJ did consider the "non-epileptic seizure disorder under listings 11.02 *epilepsy* and 12.07 *somatic symptom and related disorders*." AR 39. This is a direct contradiction to Ms. Black's statement that the ALJ erred in evaluating the disorder as a physical impairment. The Court does not find that the ALJ erred in evaluating the pseudo-seizure as a physical impairment because the ALJ also considered it under a mental impairment. AR 39.

### ii. Whether the ALJ Properly Evaluated the Pseudo-Seizure under Listing 12.07

Ms. Black argues that although the ALJ considered the pseudo-seizure under a mental impairment (Listing 12.07), the ALJ's decision "does not demonstrate that [the ALJ] understood the nature of the limitations of a pseudo-seizure disorder or how to evaluate them under listing 12.07." ECF No. 15 at 6:11-13. Specifically, Ms. Black argues that the ALJ erred in finding that she has a mild impairment in her ability to adapt rather than a "marked to extreme limitation." ECF No. 15:6-8. The Commissioner first argues that even if the ALJ found Ms. Black to have a "moderate or even marked [limitation], this would not have affected the step three conclusion at all because a claimant must demonstrate either a marked limitation in two or an extreme limitation in one of the paragraph B criteria to satisfy the requirements of Listing 12.07." ECF No. 16 at 3:17-22 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.07). The

Court agrees with the Commissioner on this point and further notes that Ms. Black does not show or argue that she has an extreme limitation. Instead, Ms. Black vaguely argues that having seizures in response to stressors is more than a mild limitation and more of "marked to extreme limitation." ECF 15 at 6:6-8. The Commissioner further argues that "substantial evidence supports the ALJ's findings that [Ms. Black's] adaptation limitation was only mild, not marked or extreme." ECF No. 16 at 4:1-2. The Court finds that substantial evidence supports the ALJ's findings.

### 1. Whether the ALJ Erred in Not Making Specific Findings as to the Frequency of the Pseudo-seizures

Ms. Black asserts that the ALJ "must evaluate the type, frequency, duration, and after-effects of Petitioner's seizures." ECF No. 15 at 8:10-11 (citing *Barker v. Colvin,* No. 4:15-CV-00257-CWD, 2016 WL 5746356, at *5 (D. Idaho Sept. 29, 2016). Ms. Black argues that the ALJ erred in not making "specific findings as to the frequency of the seizures and instead utilized her credibility analysis to substitute for such findings." ECF No. 15 at 8:12-14. The Commissioner argues that Ms. Black relies "on her own self-report that she experienced three seizures per month that incapacitated her for two to four days at a time" and that the ALJ found it "not entirely consistent." ECF No. 16 at 4:1-7. The Court finds that substantial evidence supports the ALJ's findings.

Ms. Black argues that it was illogical for the ALJ to determine that her pseudo-seizures caused only a mild limitation in her ability to adapt. ECF No. 15 at 6 (citing *Matheson v. Kijakazi*, 2022 WL 3356527, at *5 (S.D. Tex. Aug. 15, 2022)). Furthermore, Ms. Black argues that if her "pseudo-seizures met the frequency and severity requirement of Listing 12.07, she is disabled." ECF No. 15 at 8:5-6. She argues that the ALJ erred when she failed to make "specific findings as to the frequency of the seizures and instead used her credibility analysis to substitute for such findings." ECF No. 15 at 8:12-14 (citing *Barker,* 2016 WL 5746356, at *5). However, in *Barker,* the ALJ's failure to address the frequency of the seizures by substituting in their credibility analysis dealt with the issue of medical equivalency to epilepsy.

2016 WL 5746356, at *5 ("When considering medical equivalence to epilepsy, the ALJ must evaluate the type, frequency, duration, and after-effect of Petitioner's seizures, which are well documented in the medical records. The ALJ made no specific findings as to the nature and extent of the seizures, and instead utilized his credibility analysis to substitute for such findings."). The ALJ did not err in not making specific findings addressing frequency since the ALJ had found, and Ms. Black does not dispute, that Ms. Black's pseudo-seizures were not medically equivalent to epilepsy.

## 2. Whether New Medical Evidence Warrants a Remand

Ms. Black seems to briefly argue that new evidence, regarding frequency, submitted to the Appeals Counsil requires the Court to inquire whether the ALJ "still has the support of the substantial evidence on the record as a whole." ECF No. 15 at 8, fn. 3. "The court may…remand the case to the Commissioner of Social Security…and may at any time order additional evidence to be taken before the Commissioner…but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "New evidence is material when it bear[s] directly and substantially on the matter in dispute, and if there is a reasonabl[e] possibility that the new evidence would have changed the outcome of the … determination." *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (internal quotation marks and citations omitted).

Ms. Black states that the new evidence, dated October 22, 2022, documents her having pseudo-seizures three times a week. ECF No. 15 at 8, fn. 3 (citing AR 113). However, AR 113 is part of a multi-page note of her evaluation from January 9, 2023. AR 110-13. There is a single note stating "seizures occur more; 3 last week;" however, there are no indications that suggest Ms. Black regularly has her pseudo-seizures three times a week, or whether it was a singular instance of increased frequency. The rest of AR 113 refers to some imaging done on October 5, 2022. Furthermore, the Appeals Council considered

the evidence and found that the "evidence does not show a reasonable probability that it would change the outcome of the decision." AR 2. Because the new evidence is not material, the Court concludes that remand is not warranted based on this argument.

### iii. ALJ Improperly Discredited Plaintiff's Subjective Statements

Ms. Black argues that the ALJ did not provide clear and convincing reason for discounting her subjective statements. ECF No. 15 at 10-12. The Commissioner argues that the ALJ considered Ms. Black's statements and found them "not entirely consistent with the medical evidence and other evidence in the record." ECF No. 16 at 4:6-7; and AR 42. The Court finds that the ALJ properly discredited Ms. Black's subjective statements.

The ALJ engaged in a two-step analysis to determine whether Ms. Black's statements regarding her symptoms was credible. AR 41; *see Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*

The ALJ took into consideration both Ms. Black's statements and other evidence in the record. AR 42. At step one, the ALJ found that Ms. Black's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." *Id.* At step two, the ALJ found that Ms. Black's "statements concerning the intensity, persistency, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Berry v. Astrue*, 622 F.3d 1238, 1234 (internal quotation marks and citation

omitted); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1113 (9th Cir. 2021) ("In other words, to reject the specific portions of the claimant's testimony that the ALJ has found not to be credible, we require that the ALJ provide clear and convincing reasons relevant to that portion.") (internal citations omitted)*; see also Lambert v. Saul*, 980 F.3d 1266, 1268 (9th Cir. 2020) ("the ALJ must identify the specific testimony that he discredited and explain the evidence undermining it"). The ALJ points to inconsistencies between Ms. Black's testimonies and the longitudinal record. AR 40. The ALJ noted that Ms. Black "reported that she becomes overwhelmed" and may, due to her physical symptoms "need some assistance with personal care." *Id.* However, the ALJ also found that Ms. Black had "fair insight and judgment" and that she told her doctor that "she is independent with personal care." *Id.* The ALJ also noted that Ms. Black said she was able to learn how to cook and sew by watching YouTube during the times she was "a little down due to medical issues." *Id.*

Furthermore, the Court finds that the ALJ provided clear and convincing reason for discounting Ms. Black's statements based on her failure to seek treatment. *See Karabajakyan v. Berryhill*, 713 Fed. Appx. 553, 555 (9th Cir. 2017) (citing *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989) (explaining that an "unexplained, or inadequately explained" failure to seek treatment and failure to follow a prescribed course of treatment can constitute clear and convincing reason for discounting claimant's credibility regarding his or her symptoms.")). The ALJ noted that in November 2020, Ms. Black was "encouraged to pursue a stay at EMU for additional workup, which she refused." AR 42. The ALJ further noted that the record "does not indicate [Ms. Black] sought additional diagnostics or second opinions for her seizures or 'zoning out' during the period at issue." AR 47. Ms. Black claimed that "she did not want to trigger seizures in order to diagnose the seizures." AR 47. The ALJ found Ms. Black's reasoning did not "constitute good cause for failing to properly diagnose her seizures." AR 47 (citing SSR 18-3p). The Social Security Ruling 18-3p states, "an individual who meets the requirements to receive disability or

blindness benefits will not be entitled to these benefits if the individual fails, without good cause to follow prescribed treatment that we expect would restore his or her ability to engage in substantial gainful activity." The ALJ found it "nonsensical" that Ms. Black would rather "suffer from continued seizures rather than one or two to have them properly diagnosed," AR 47.

Ms. Black argues that courts in the Ninth Circuit "have found that 'it is questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" ECF No. 15 at 11 (citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)) (internal citations omitted). The Court in *Garrison* held that the claimant's decision to "'go off her med' were at least in part a result of her underlying bipolar disorder and her other psychiatric issues.'" *Garrison*, 759 F.3d at 1023, fn. 24. However, the ALJ determined that, based on the record, Ms. Black has "fair insight and judgment." Furthermore, the ALJ found that although Ms. Black's "seizures are possibly noted to be psychogenic in nature [] there is little in the claimant's mental health treatment to link these seizures to any anxiety." AR 47. *See Baker v. Berryhill,* 720 Fed. Appx. 352, 357 (9th Cir. 2017) ("Although it is possible a claimant's mental health could impede her ability to seek treatment, where, as here there is no evidence that lack of treatment was attributable to mental impairment, an ALJ may rely on lack of treatment to discount claimant testimony.") (internal citations omitted). Thus, the ALJ properly discounted Ms. Black's statement.

### III. Conclusion

In sum, the Court finds that: (1) the ALJ did not err in evaluating the pseudo-seizures/conversion disorder as a physical impairment because she also evaluated it under a mental impairment; (2) the ALJ did not err in not making specific findings regarding the frequency of the seizures because such findings dealt with medical equivalency to epilepsy, which the plaintiff does not argue; (3) new medical evidence

is not material and was not likely to change the ALJ's determination; and (4) the ALJ provided clear and convincing reason for discounting plaintiff's subjective statements. Thus, remand is not warranted.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's Brief (ECF No. 15) requesting remand is DENIED.

2. Commissioner's Brief (ECF No. 16) requesting to affirm is GRANTED.

3. The Clerk of Court is directed to enter final judgment AFFIRMING the decision of the Commissioner of Social Security.

4. The Clerk of Court shall CLOSE this case.

DATED this 12th day of April 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge